LEON A. McGALLIARD ET AL., RELATORS, v. THOMAS F. McCRAN, ATTORNEY-GENERAL OF NEW JERSEY, RESPONDENT.

Submitted December 1, 1921—Decided February 21, 1922.

The determination by the attorney-general that a proposed certificate of incorporation of an insurance corporation does not comply with the law and constitution of this state, is judicial in character and not ministerial, and he cannot be commanded by *mandamus* to endorse his approval on a certificate of incorporation which he decides does not comply with the law. The legislature has conferred on him the power to decide, and if he abuses that power the remedy is to be applied by the legislature.

On rule to show cause why a *mandamus* should not issue.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the relators, *McCarter & English.*

For the respondent, *Thomas F. McCran,* attorney-general.

The opinion of the court was delivered by

BERGEN, J. In 1905 (*Pamph. L., p.* 492) the legislature adopted a supplement to the general insurance statute of 1902. The supplement provides: "It shall be lawful for twenty-five or more persons, engaged in agricultural pursuits, to become a corporation upon a mutual plan 'for the purpose of making insurance against loss or damage to the property of the insured, or loss of life or damage to the person or property of another for which the insured is liable, caused by any accident or casualty which may lawfully be the subject of insurance." The second section of the act provides that such company shall not be required to make any deposit with the commissioner of banking and insurance and shall be entitled to insure when *bona fide* engagements of not less than forty persons shall have been entered into with such company, the premium notes of which shall amount to $5,000. The third section provides that when satisfied that such company has complied with all the requirements of this act, under which it intends to engage in business, the commissioner of banks and insurance shall issue a certificate to that effect, and authorize it to commence business, specifying in such certificate the particular kind or kinds of insurance it is authorized to transact. This supplement became a part of the General Insurance act of 1902, which provides that before the certificate of incorporation shall be recorded, it shall be submitted to, and examined by, the attorney-general, and if found by him to be in accordance with this act, and not inconsistent with the constitution or laws of this state, he shall endorse thereon, or annex thereto, his certificate to that effect.

Twenty-five or more persons, the relators herein, presented a certificate under the act of 1905, which the attorney-general refused to endorse or certify, upon the ground that it was not in accordance with the statute, and was inconsistent with the laws of this state. Upon presentation of these facts a rule to show cause was allowed why a *mandamus* should not issue commanding the attorney-general to attach his certificate, which is the matter now submitted. The attorney-general contends that in order to receive his approval the certificate should specifically state the kind of insurance which the company proposes to enter into, and that such insurance must not be in conflict with the restrictions of the general act. It cannot be denied that the certificate offered did not comply with the general act as amended in 1921 (*Pamph. L., p.* 861), which amends section 1 of the general act. The relator contends that the act of 1905 is not bound by the limitations of the general act and that the act of 1905 is in effect an independent statute. We are inclined to think that this distinction is not a sound one, but that the act of 1905 is a part of the general act of 1902 and subject thereto, except that a company formed under the act of 1905 is not required to make any deposit with the commissioner of banking and insurance, and that all the requirements of the general act not expressly inconsistent with the act of 1905 are to be applied to corporations organized under that act.

We are also of the opinion that the act of 1921, which regulates the character of the insurance to be done by different companies, applies to companies organized under the statute of 1905. If this is not so, the relators have no standing to have the writ because there is nothing in the act of 1905 which requires the approval of the attorney-general, and, therefore, if we rely alone upon that statute the attorney-general cannot be compelled by *mandamus* to approve a certificate which he is not required by law to make. In addition to this we do not think this writ should go against the attorney-general. The right to examine all such applications and to determine whether they comply with the law is committed

to him by the statute, and he has not refused to act, but has in fact acted. What this proceeding seeks to do is to compel him to act in a particular direction, contrary to his determination.

The rule stated in *Mooney* v. *Edwards*, 51 *N. J. L.* 479, is that "a writ of *mandamus* will issue to compel the performance in a specified manner of ministerial duties so plain in point of law, and so clear in matters of fact, that no element of discretion is left as to the precise mode of their performance; but that as to all acts or duties depending upon the jurisdiction to decide questions of law, or to ascertain matters of fact on the part of the officer or body at whose hands their performance is required, *mandamus* will not lie. As a corollary to this latter clause it may be added that as a writ will not issue to dictate in advance how the discretion shall be exercised, or the matter of fact decided, neither will it be allowed to disturb or override such determination if already reached."

This rule should be discharged upon the ground that the act of 1905 is amended by act of 1921, and that not having complied with the amendment of 1921, the application does not conform to the law, and for the further reason that under the rule laid down in *Mooney* v. *Edwards, supra,* the statutory duty of the attorney-general is not ministerial.

The rule will be discharged.